IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES WALKER,** | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 11-1659 |
| **ANDREW J. STERN, ET AL.,** | : | |
| Defendant. | | |

### ORDER

**AND NOW**, this _____ day of January, 2013, upon consideration of the Plaintiff's Motion to Amend (Doc. 36), Defendants' Kline & Specter, P.C., Andrew Stern and Angie Otero Response in Opposition thereto (Doc. 37) and Plaintiff's Reply (Doc. 41), **IT IS HEREBY ORDERED AND DECREED** that Plaintiff's motion is **DENIED**.[1]

---

[1] Plaintiff seeks reconsideration of the Court's August 28, 2012 Order, which granted Defendants motion to dismiss and dismissed Plaintiff's complaint with prejudice. In his motion, Plaintiff alleges that the court misconstrued and/or overlooked various facts in his pleadings and thus erred in its decision. Plaintiff therefore requests that the Court deny defendants' motions to dismiss, appoint him counsel and grant his motions that the Court previously denied as moot.

A motion for reconsideration will be granted only if the moving party can demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Motions for reconsideration, however, should be granted sparingly "because courts have a strong interest in the finality of judgments." Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) (quoting Cont'l Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)); Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995).

Plaintiff's claims can be summarily disposed of, as it is clear that none of the alleged inconsistencies or oversights asserted in his motion rise to the required level of manifest injustice. The Court issued a detailed opinion which fully addressed and resolved all of Plaintiff's claims. A detailed, verbatim recitation of every allegation as set forth in the complaint was not necessary. Likewise, semantics or a correct determination of Plaintiff's asserted legal grounds by the Court does not lend itself to factual error. Much of Plaintiff's allegations are merely attempts to rehash his same arguments. It is well established that a motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. Colon v. Colonial Intermediate Unit 20, 443 F. Supp. 2d 659, 667 (M.D. Pa. 2006) (citing Glendon Energy, 836 F.

                            **BY THE COURT:**

                            /S/ Petrese B. Tucker

                            _____

                            **Hon. Petrese B. Tucker, U.S.D.J.**

---

Supp. at 1122). Accordingly, the Court's August 28, 2012 Order stands and Plaintiff's motion is denied.